Gurmail SINGH, Petitioner,

v.

The BOARD OF IMMIGRATION APPEALS, Respondent.

No. 06–0024–ag.

United States Court of Appeals, Second Circuit.

Jan. 30, 2007.

Gurmail Singh, pro se, Richmond Hill, NY, for Petitioner.

Stephen J. Murphy, United States Attorney, Eastern District of Michigan; Michael Hluchaniuk, Assistant United States Attorney, Bay City, MI, for Respondent.

PRESENT: Hon. WALKER, Hon. PIERRE N. LEVAL, and Hon. GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

Petitioner Gurmail Singh, a native and citizen of India, seeks review of a December 23, 2005 order of the BIA denying his second motion to reopen his removal proceedings. *In re Gurmail Singh,* No. A 70 897 859 (B.I.A. Dec. 23, 2005). The BIA had previously denied his first motion to reopen by decision dated July 24, 2003. *In re Gurmail Singh,* No. A 70 897 859 (B.I.A. July 24, 2003). The BIA had affirmed the April 16, 1999 decision of Immigration Judge ("IJ") Larry R. Dean denying Singh's application for asylum and withholding of removal on December 30, 2002. *In re Gurmail Singh,* No. A 70 897 859 (B.I.A. Dec. 30, 2002), *aff'g* No. 70 897 859 (Immig. Ct. N.Y. City April 16, 1999). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted). Here, the BIA did not abuse its discretion in

denying Singh's motion to reopen his proceedings because he failed to abide by the regulations governing such motions. The regulations permit only one motion to reopen removal proceedings, and the instant motion was the second motion to reopen filed by Singh, exceeding the numerical limit. *See* 8 U.S.C. § 1229a(c)(7)(A) (2005); 8 C.F.R. § 1003.2(c)(2) (2005). Singh's second motion to reopen does not fall within the exception to the numerical limit, *see* 8 C.F.R. § 1003.2(c)(3)(ii), because he failed to submit any evidence of a change in country conditions in India with his motion; rather, he included the same materials and affidavit as he had with his first motion. Thus, the BIA properly denied Singh's motion and provided adequate reasoning for doing so. *See Ke Zhen Zhao,* 265 F.3d at 93.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).